STATE OF NORTH DAKOTA V. LAWRENCE WISNEWSKI.

Opinion filed March 1, 1905.

**Preliminary Examination — Description of Premises in Information for Nuisance.**

1. A complaint in justice's court charging a person with keeping and maintaining a nuisance "in a certain one-story frame building" in a certain village and county, without specifying the lot or block where kept, is a sufficient description on which to base a preliminary examination for that offense.

**Instructions — Witness Testifying in View of Reward — Province of Jury.**

2. A requested instruction that the testimony of a witness having in view a reward in case of conviction shall be received "with distrust" is properly refused, as the question of the credit to be given to a witness is solely for the jury.

**Criminal Law — Defendant's Testimony in His Own Behalf — Reading Statute to Jury.**

3. It is not error for the trial court to read the statute to the jury, providing that the fact that the defendant did not become a witness in his own behalf shall not be considered by the court or jury in arriving at a verdict.

**Excessive Sentence Modified Upon Appeal.**

4. Where a sentence pronounced by the district court is excessive in some respects, but not void, the Supreme Court may modify the sentence under section 8350, Rev. Codes 1899.

Appeal from District Court, Walsh county; *Kneeshaw*, J.

Lawrence Wisnewski was convicted of keeping a nuisance, and appeals.

Judgment modified, and, as modified, affirmed.

*DePuy & DePuy*, for appellant.

The place in which a common nuisance is maintained is of the substance of the charge and must be correctly described, or the complaint affords no basis for a preliminary examination. And an information for an offense for which accused has had no preliminary examination confers no jurisdiction upon the district court. White v. State, 44 N. W. 443; State v. Barnes, 3 N. D. 131, 54 N. W. 541; People v. Howland, 44 Pac. 342; 14 Cent. Dig., c. 643.

There must be some connection between the offense charged in the preliminary complaint and that charged in the information

other than similarity as to character, unless that other offense is disclosed on the examination. Brown v. State, 64 N. W. 749; People v. Russell, 67 N. W. 1099; State v. Boutler, 39 Pac. 883; People v. Whitney, 63 N. W. 765; State v. Barnes, 3 N. D. 131, 54 N. W. 541; People v. Parker, 27 Pac. 537; People v. Wallace, 29 Pac. 950; People v. Oscar, 63 N. W. 971; People v. Vierra, 7 Pac. 640; State v. Jarrett, 27 Pac. 146; People v. Jones, 24 Mich. 215; People v. Becktel, 45 N. W. 582; People v. Handley, 52 N. W. 1032; State v. Emberton, 45 Mo. App. 56; City of Galt v. Elder, 47 Mo. App. 164; Hanson v. State, 61 S. W. 120.

The sentence and judgment for a period in excess of six months, as limited by section 7610, are void, at least as to the excessive part. There is a controversy as to whether such a sentence is void in toto or only as to excess. See In re Taylor, 64 N. W. 253; 15 Cent. Dig., cc. 319, 1102.

Morgan, C. J. The defendant was convicted of keeping and maintaining a common nuisance, in violation of the provisions of section 7605, Rev. Codes 1899, and appeals from the judgment of conviction.

The first assignment of error is upon the refusal of the district court to set aside the information upon motion made for that purpose before the defendant pleaded to the same. Such motion was based upon the following facts: The defendant was arrested upon a warrant in justice's court, based upon a complaint alleging that the defendant did on and between certain days keep and maintain a common nuisance in the village of Warsaw, Walsh county, North Dakota, "in a certain one-story frame building." Upon being arrested and brought before the justice, he moved to dismiss the complaint upon the ground that the description of the place where the nuisance was alleged to have been maintained was too indefinite to apprise him of the character of the charge against him, and that such complaint was insufficient as a basis of preliminary, examination. In support of the motion he filed his affidavit stating that there were more than six "one-story frame buildings in the village of Warsaw." The motion was denied. Thereafter he waived examination, and the justice held him to answer in the district court to the charge of keeping and maintaining a common nuisance. Upon giving an undertaking for such appearance, he was released from custody. In the district court he made a motion to set aside the information upon the same grounds. The information

specifically alleged that the nuisance was maintained in a place kept on "lot 1 of block 1 * * * of the village of Warsaw." The information in other respects set forth the same facts in relation to the offense charged as did the complaint in justice court. The motion was denied, and a trial followed, resulting in a conviction. It is now urged that the conviction was a nullity, for the reason that the complaint did not specifically allege the place where the nuisance was maintained, and that he was denied a preliminary examination for the offense charged in the information. Section 8348, Rev. Codes 1899, relating to judgments in the Supreme Court, provides that "after hearing the appeal the court must give judgment without regard to technical errors or defects or exceptions which do not affect the substantial rights of the parties." Section 8082, Rev. Codes 1899, provides that an information must be set aside by the district court upon motion when the defendant has not had a preliminary examination when entitled thereto, or has not waived such examination. Section 7982, Rev. Codes 1899, provides that the state's attorney shall file an information against persons accused of crime "when such person or persons have had a preliminary examination before a magistrate for such crime or public offense, and, from the evidence taken thereat, the magistrate has ordered that said person or persons be held to answer to the offense charged or some other crime or public offense disclosed by the evidence," and "when a person accused of a crime or public offense is arrested and waived, in writing, or if before a magistrate, orally, a preliminary examination therefor." Section 7886, Rev. Codes 1899, provides that a complaint must state "the general name of the crime or public offense," and, "if the offense is against the property of any person, a general description of such property." The defendant had a right to a preliminary examination before an information could properly be filed against him by the state's attorney in the district court. The law governing the procedure in preliminary examinations before the committing magistrate, as shown by the sections quoted, does not contemplate that the defendant shall be protected with safeguards to the same extent as on trials. A preliminary examination is not a trial, but the commencement of criminal prosecution. 16 Enc. of Pl. & Pr. 821, and cases cited. The object of the examination is to secure the appearance of the defendant before the district court for further investigation. If a grand jury presents an indictment, or if the state's attor-

ney, on investigation of the evidence bearing on the case, files an information, a trial may follow. The same strictness is not required on a preliminary examination in matters of pleading as is required in framing and construing informations or indictments. The purpose of an examination is accomplished when the defendant appears in the district court. In this case the proceedings before the justice were not void. The justice had jurisdiction of the person and of the offense. The allegations of the complaint would not be sufficient to charge the keeping of a nuisance in an information where an abatement of the nuisance was sought. Where an abatement is sought, the place must be particularly described in the information; but such particularity is not required in a simple criminal prosecution. State v. Thoemke, 11 N. D. 386, 92 N. W. 480, and cases cited; section 7614, Rev. Codes 1899.

We are unable to agree with the defendant that he was not accorded a preliminary examination for the offense of keeping and maintaining a nuisance. No evidence was taken, but this was due to the fact that he waived an examination. Having waived an examination, the justice properly held him for appearance in the district court, and the district court thereby acquired jurisdiction. We fail to see that the substantial rights of the defendant were violated. The complaint should be liberally construed. The state's attorney had the right to file an information for the offense attempted to be charged in justice court, although not described with technical accuracy. Section 7983, Rev. Codes 1899; State v. Rozum, 8 N. D. 548, 80 N. W. 477; State v. Fordham, 13 N. D. 494; 101 N. W. 888. In State v. Bailey, 32 Kan. 83, 3 Pac. 769, it was said: "But a preliminary examination is probably also for the purpose of giving to this defendant a reasonable notice of the nature and character of the offense charged against him. * * * But it is not necessary that the papers and proceedings on a preliminary examination should be technically regular and exact like the papers and proceedings on the final trial. It is not necessary that the papers and proceedings on a preliminary examination should set forth the offense in all its details, and with perfect and exhaustive accuracy. * * * All that is necessary is that the defendant should be given a fair opportunity to know by the proffered preliminary examination the general character and outlines of the offense charged against him." We conclude that the complaint in this case was sufficient

under the statute and the principles laid down in the case cited. See, also, People v. Velarde, 59 Cal. 458; People v. Wheeler, 73 Cal. 252, 14 Pac. 796; Enc. Pl. & Pr., vol 16, p. 843, and cases cited.

It is claimed that the refusal to give the following instruction was prejudicial error: "I charge you that when persons like Martin Hanson, the agent of the enforcement league, and whose pecuniary reward for his services depends largely on the success of the prosecution, are employed, or employ themselves, to procure evidence to establish any fact, all that they do or say must be weighed with great care and vigilance, and you should receive his testimony with caution and distrust." The instruction is objectionable. It tells the jury, in effect, what weight they shall attach to such testimony. While not informing the jury not to consider it, it tells them to distrust it. The weight of such testimony and of all testimony is exclusively for the jury. It would be proper to say to the jury that it was their duty to determine whether the fact that the witness expected a reward in case of conviction affected the truthfulness of his testimony. But the instruction asked for went further than that. Commonwealth v. Pease, 137 Mass. 576; People v. Seaman (Mich.) 65 N. W. 203, 61 Am. St. Rep. 326. The court instructed the jury that "the defendant shall at his own request and not otherwise, be deemed a competent witness; but his neglect or refusal to testify shall not create or raise any presumption of guilt against him, nor shall such neglect or refusal be referred to by any attorney prosecuting the case, or considered by the court or jury before whom the trial takes place. Therefore, under the law, the mere fact that the defendant has not testified in this case shall not create any presumption of guilt in your minds against the defendant, and should not be considered by you in this case." This instruction was given in the precise language of section 8191, Rev. Codes 1899. The contention is that the court committed prejudicial error by reading the statute to the jury. The statute does not prohibit the court from mentioning to the jury the fact that the defendant has a right not to become a witness in the case, and it seems that no possible prejudice could follow from that fact when they were instructed that such fact should not be considered by them in their deliberations. It was an instruction favorable to the defendant. The state's attorney is prohibited to refer to it or mention it. A defendant's failure to become

a witness might well be considered as a circumstance unfavorable to the defendant, and to advise them it shall not be so considered is not subject of prejudice or exception. Enc. Pl. & Pr., vol. 11, p. 352; State v. Weems, 96 Iowa, 448, 65 N. W. 387; Fulcher v. State, 28 Tex. App. 465, 13 S. W. 750; State v. Landry, 85 Me. 95, 26 Atl. 998.

The trial court sentenced the defendant to imprisonment for ninety days in the county jail and to pay a fine of $400, and in case of his failure to pay such fine that he should be imprisoned in the county jail for 200 days additional to the ninety days. The statute limits imprisonment by reason of the nonpayment of the fine to six months additional imprisonment. Section 7610, Rev. Codes 1899. The sentence of imprisonment by reason of the nonpayment of the fine is excessive to the extent of twenty days. It is claimed that this nullifies the sentence so far as imprisonment on account of the nonpayment of the fine is concerned. But we do not concur in that contention. Section 8350, Rev. Codes 1899, provides that "the Supreme Court may reverse, affirm or modify the judgment or order appealed from, and may set aside, affirm or modify any or all the proceedings subsequent to or dependent upon such judgment or order, and may if proper order a new trial." In this case the conviction was regular, but the sentence exceeded the limit prescribed by law in one particular, and was void as to the excessive part. Whether the case should be remanded, with directions to modify the sentence, or whether this court should modify it, presents a question of practice not hitherto decided by this court in a criminal case. Under the section cited it seems clear that this court is vested with the power to modify sentences in such a case. It is true that the power would not be exercised in a case covering a discretion in the district court as to sentence to be pronounced and the judgment of the district court had not been indicated as to the punishment. The court having fined the defendant in the sum of $400, and adjudged that he be imprisoned for 200 days, and if such fine was not paid it is clear that the additional sentence of imprisonment would have been made six months if the provisions of the statute had not been overlooked. The courts generally hold that a modification of the sentence in such cases as this is the proper practice in Supreme Courts under statutes like the one quoted. Routt v. State, 61 Ark. 594, 34 S. W. 262; Harris v. People, 59 N.

Y. 599; State v. Taylor, 7 S. D. 533, 64 N. W. 548; Mims v. State, 26 Minn. 494, 5 N. W. 369.

The judgment is modified by reducing the additional imprisonment to the period of six months, and, as modified, is affirmed. All concur.