## IN THE MATTER OF THE APPLICATION OF JAMES RILEY, alias James Golden, Petitioner for a Writ of Habeas Corpus.

### (203 N. W. 676.)

**Criminal law — habeas corpus — indeterminate sentence not uncertain without statement.**

1. In a proceeding for a writ of habeas corpus, on the application of a prisoner in the state penitentiary who was sentenced to serve an indeterminate sentence of from one to three years for burglary in the third degree, it is held, for reasons stated, that failure to file the statement required by § 10,944, Comp. Laws, 1913, as amended by chapter 262, Session Laws 1923, does not render the sentence so indefinite and uncertain as to require the petitioner's discharge at the expiration of the minimum term.

**Statutes — duty of judge and state's attorney to file statement as to conviction and personal record of prisoner.**

2. Under § 10,948, Comp. Laws, 1913, as amended by chapter 262, Session Laws, 1923, it is the duty of the judge and the State's Attorney to prepare and file with the Clerk of the District Court a statement of the facts and circumstances constituting the crime of which the defendant was convicted, with such information as may be available as to the career, disposition, habits, associates and reputation of the prisoner, and the Clerk must attach copies of the statements to the commitment, and the same must be delivered to the

sheriff and by the latter transmitted to the institution where the offender is incarcerated.

**Habeas corpus — failure to act by board of pardons as to one incarcerated for indeterminate time held not to warrant issuance of habeas corpus.**
    3. For reasons stated, it is held that mere non-action by the Board of Pardons, under the facts stated, pursuant to § 10,948, as amended by chapter 262, Session Laws, 1923, does not warrant the issuance of the writ of habeas corpus.

Opinion filed March 31, 1925.

Criminal Law, 16 C. J. § 3004 p. 1267 n. 32 New; § 3078 p. 1304 n. 60 New; § 3223 p. 1369 n. 24. Habeas Corpus, 29 C. J. § 49 p. 57 n. 92; p. 58 n. 99 New.

Application for writ of habeas corpus.
Writ denied.
*F. O. Hellstrom,* for applicant.
*John Thorpe,* Assistant Attorney General, present at oral argument.

PER CURIAM. This is an original application for a writ of habeas corpus by one James Riley, alias, James Golden, a prisoner in the State Penitentiary. The facts are not in dispute and are substantially as follows: Riley, or Golden, was convicted of burglary in the third degree, in the district court of Traill county. On March 11, 1924, he was sentenced by Judge Cole for a term of from one to five years in the penitentiary, the sentence to commence at 12 o'clock, noon, on that day. Petitioner was committed accordingly. The minimum period had not expired when this proceeding was commenced, and there is no showing that it had been shortened by good time.

Before the prisoner had served one full calendar year, an application for a writ of habeas corpus was presented to the district court of Burleigh county. For reasons that need not be detailed, but which appear in the certificate of the Judge of the Burleigh county district court, the application was referred to this court without decision upon any of the questions raised. There is no appearance for the state, except that an assistant attorney general was present at the argument.

The contention of the petitioner that he is unlawfully restrained of his liberty by the warden of the penitentiary, is grounded upon two main propositions. It is said, first, that the trial judge or the State's

Attorney did not, at the time of the conviction or when the sentence was imposed, file with the clerk of the district court, the official statement of the facts and circumstances relating to the crime, required by § 10,944, Comp. Laws 1913, as amended by chapter 262, Sess. Laws 1923, and that therefore the sentence is rendered indefinite and the prisoner must be released after serving the minimum. In the second place, it is contended that since the board of pardons has not fixed the date when the sentence shall expire, the prisoner cannot be lawfully detained beyond the minimum term.

Section 10,943, gives the trial court the power to impose indeterminate sentences, except in certain classes of crimes; there is no question that the trial judge had and properly exercised the power in the instant case to impose an indeterminate sentence unless the omission to file the statement in some way affects the action of the court. Section 10,943 is as follows:

"In all cases where a person is convicted of a felony other than treason, murder in the first degree, kidnapping, or rape by force, the court imposing the sentence may, in its discretion, refrain from imposing sentence for a definite term and impose an indeterminate sentence. In all cases where an indeterminate sentence is imposed, the court imposing the sentence shall adjudge that the person so sentenced be imprisoned for not less than a stated minimum nor more than a stated maximum period of time; provided, that in all cases the minimum period shall not be less than the minimum term nor shall the maximum be more than the maximum term provided by law for the offense committed at the time of the commission of such offense." (As amended by chap. 262, Sess. Laws, 1923.)

Section 10,944 as amended by chapter 262, Sess. Laws, 1923, is made applicable in all cases, whether the sentence be for a definite or an indefinite term. Before the amendment the statute applied only in cases of indeterminate sentences. This section provides for the filing of the statement omitted by the trial judge and the State's Attorney in the case at bar. That statement must recite the reason for imposing the sentence; the age of the prisoner, as nearly as can be ascertained; and all information available relating to the career of the prisoner before his conviction, his habits, associates, disposition, reputation and all other facts and circumstances that may be of assistance in determining

when the offender may again have become a law abiding citizen. The statute, in mandatory terms, requires a statement of the foregoing facts. In addition, the district judge or the State's Attorney, or both, may make recommendations or offer suggestions deemed pertinent in the case. It is made the duty of the court reporter to transcribe the official statements referred to "at the time of the conviction of the prisoner," and the clerk is directed to attach copies of the statements to the commitment and to deliver the same to the sheriff for transmission to the institution in which the offender is incarcerated.

The purpose of § 10,944 is clear. The provision requiring the official statement of facts is not solely in the prisoner's interest. It is intended to serve the ends of public justice. Such a statement, conscientiously prepared, in full conformity with the spirit and purpose of the act, would be very helpful to the pardon board in determining whether the prisoner has become able and disposed to lead the life of a law abiding citizen, and whether it is safe or wise, from the standpoint of the public interest, to release or discharge him. Facts and circumstances relating to the crime soon pass from the memory of public officials who have a large number of such cases to deal with; public interest wanes; in time, only the prisoner, his relatives or friends, take an active interest in the reduction of his term or in his actual discharge. The result is that the board of pardons hears, as a rule, only one side of the story, that of the prisoner, his counsel, and his enthusiastic friends; the interest of the public or the State is seldom actively represented when applications for pardons, paroles or a commutation of sentence are under consideration by the board. It is as sensible as it is just and proper to require that the facts and circumstances, as seen by and known to an impartial judge, and to the prosecuting attorney, should be reduced to writing at the time the offense is committed and made a part of the records in the penitentiary, to be consulted by the pardon board in considering the merits of any subsequent application affecting the sentence of the prisoner. The making of such a statement imposes but little additional work on the officials required to make it. The court reporter must take it at their dictation and transcribe it promptly. By a mandatory statute, the legislature has imposed this duty upon them, and it should be performed. Careful compliance with its letter and its spirit is so manifestly in the interest of public justice

that the officers named should be zealous to comply therewith when the matter is brought to their attention. Public criticism of the action of the board of pardons is invited when that board is compelled to act upon the application of a prisoner with wholly inadequate information upon the merits of the case except upon one side, and with little time and practically no resources to gain access to reliable sources of knowledge.

What is the effect, if any, of failure on the part of the trial judge or the state's attorney to make and file the statement of facts required by § 10,944? Petitioner contends that the result of the omission is to render his restraint after the expiration of the minimum period wholly unlawful and without due process, on the ground that the sentence is rendered indefinite and uncertain.

No showing is made nor is it suggested that the petitioner has applied to the pardon board to fix his sentence, pursuant to § 10,948, Comp. Laws, 1913, as amended by chapter 262, Sess. Laws 1923; or that the board has, on its own motion, considered the matter; or that non-action by the board is due to or was influenced by the absence of the statement of facts. There is no suggestion contained in the record that the petitioner has or ever may have been prejudiced by reason of the failure of the district judge and the state's attorney to comply with § 10,944, supra. We are, therefore, not required to discuss the effect of non-compliance in circumstances from which an inference of prejudice to a prisoner might possibly be drawn. Unless failure to file the statement required by § 10,944, renders the sentence void for indefiniteness and uncertainty, after the expiration of the minimum, the application for the writ of habeas corpus must be denied.

There is nothing indefinite or uncertain about the sentence. It is definite, with a fixed limit, and for the maximum term, unless the board of pardons orders otherwise. The purpose of the statement is to assist the board of pardons in deciding whether a sentence less than the maximum must be served by the prisoner. It has no other relation to the sentence. The duration of the sentence was the longest time permitted under the statute prescribing the penalty for burglary in the third degree. It is true that the trial judge did not prescribe absolutely the heaviest penalty the statute permits, but "the law said so, at the same time providing under what conditions, he could secure an earlier dis-

charge." People v. Joyce, 246 Ill. 124, 92 N. E. 607, 20 Ann. Cas. 475. The board of pardons so far has taken no action; it has not fixed a sentence shorter than the maximum. It cannot be seriously contended that therefore the prisoner must be released. Suppose the prisoner had petitioned the board to fix a sentence less than the maximum and that his petition was denied. The effect of the failure to file the statement aside, can there be any doubt that the prisoner must, notwithstanding, continue to serve until the board changes its ruling, or the maximum period expires? Clearly not. We think the same result must necessarily follow failure on the part of the board to act on its own motion. It is not pretended that the prisoner has asked the board to fix the sentence at less than the maximum, and that his application has been denied; he asserts that he is entitled to his freedom because the board has taken no action on the matter on its own motion. Perhaps it has taken no action on its own motion because it is not satisfied that it is compatible with the welfare of society to release the petitioner before the expiration of the maximum term; perhaps it has not acted because petitioner has not requested action. We have no means of knowing and the record does not suggest why the board has failed to act. Moreover, the minimum sentence of one year had not been served when this proceeding was initiated; nor is there any intimation that by reason of good time the minimum term had expired. On the face of the record, petitioner is not entitled to the writ on his own theory.

Section 10,948, Comp. Laws 1913, as amended by chapter 262, Sess. Laws 1923, reads as follows:

"*All applications for the discharge or parole of the inmates of the penitentiary, who may have been sentenced either for a fixed term or under the indeterminate sentence law, shall be presented to and passed upon by the Board of Pardons and no person serving an indeterminate sentence shall be released from the penitentiary merely because the minimum term of his sentence has expired but his term shall continue until the expiration of the maximum term, unless he is sooner ordered discharged or is paroled from the institution by the Board of Pardons. The board of pardons shall determine and fix the date when an inmate may be released or paroled or discharged after the expiration of the minimum term of the sentence. Such a determination, however, shall*

be made in each particular case and a complete record shall be kept of all the findings and orders of the board."

From the emphasized portion thereof, it appears that a prisoner shall not be discharged merely because he has served the minimum of an indeterminate sentence. This language was doubtless used in view of the construction previously put upon the old law by some of the pardoning authorities to the effect that a prisoner must be released when he had served the minimum term of an indeterminate sentence. In the face of language as explicit as that of this amendment, introduced into the law in 1923, there is no room left for the contention that the petitioner must be discharged at the end of the minimum period. The language of the entire chapter and the amendments negative the existence of a legislative purpose that a prisoner, serving an indeterminate sentence, must be discharged because the judge and the state's attorney fail to file the statement required by § 10,944, supra. The law makes no distinction between a determinate and an indeterminate sentence as far as the duty to file the statement is concerned. It must be filed in either case. Must the prisoner sentenced for a fixed term, be discharged because the statement was not filed? If so, when? Manifestly, the legislature did not intend any such absurd result from a failure to file a statement that might be of value to the prisoner only in the event he saw fit to ask the pardon board to commute his sentence or release him, before the fixed term of imprisonment expired.

The judge or the state's attorney may not neglect to comply with the statute and leave the prisoner without redress. Possibly the provisions of § 7638 Comp. Laws 1913, might be invoked against the judge for failure to comply. What the prisoner's remedy is need not now be decided; it is not a writ of habeas corpus for a release from the penitentiary, under the facts in the case before us.

Counsel cites Re Chase, 18 Idaho, 561, 110 Pac. 1036, and other cases. In the Idaho case the prisoner was given a sentence under an indeterminate law enacted after he had committed the crime. The statute expressly provided that in such cases the offender must be sentenced under the law in force at the time of the commission of the crime. The court clearly erred in sentencing the prisoner under the indeterminate act and the only question was whether the sentence was void in its entirety, or whether it was valid for the minimum term.

The minimum term was five years, likewise the shortest term permissible under the law in force when the crime was committed. No comment is necessary to demonstrate that the decision is not in point upon any question in the case before us. The court held the sentence valid for the minimum term. The other authorities cited are equally inapposite. Much more to the point is the emphasized portion of § 10,948, supra, deleted, by counsel for the prisoner, from the statute as quoted in his brief, the whole case being argued and submitted by him in this court as if such portion of the act did not exist.

Application denied.

CHRISTIANSON, Ch. J., and BIRDZELL,. BURKE, JOHNSON, and NUESSLE, JJ., concur.