[File No. Cr. 180]

IN THE MATTER OF THE APPLICATION OF JOE MOORE FOR A WRIT OF HABEAS CORPUS.

(300 NW 37)

Opinion filed October 4, 1941

*Simpson, Mackoff & Kellogg,* for petitioner.
*Alvin C. Strutz,* Attorney General, and *T. F. Murtha,* State's Attorney, for respondent.

CHRISTIANSON, J.   Joe Moore has petitioned this court for a writ of habeas corpus.   It appears from the petition that he is incarcerated in the State Penitentiary in Burleigh county, and that the district court of that county has denied an application for habeas corpus.   The petition recites that the petitioner is illegally restrained of his liberty and confined in the state penitentiary by virtue of a judgment rendered by the district court of Stark county on July 25th, 1941, and that said judgment is null and void and of no force and effect.   In accordance with the usual practice adopted by this court in such cases, an order to show cause was issued, addressed to the Warden of the State Penitentiary.   Walker v. Johnston, 311 US 635, 85 L ed 404, 61 S Ct 574. That official appeared and filed a return, and a hearing was had before this court.

The material and undisputed facts are as follows:

On July 22d, 1941, an information was filed in the district court of Stark county charging the petitioner, Joe Moore, with the crime of grand larceny.   On being arraigned he entered a plea of guilty to the charge made against him in the information.   The petitioner was interrogated by the court for the apparent purpose of enabling the court

to determine what punishment should be imposed. Certain persons were heard who urged clemency on behalf of the petitioner. The trial court deferred passing sentence until the following day. On July 23d, the court pronounced judgment as follows: "It is the judgment of this court that you be confined to the State Work Farm at Bismarck, North Dakota, for the period of one year from noon of this day, and you are remanded to the custody of the Sheriff for transportation to the State Work Farm. The State's Attorney will prepare judgment accordingly."

Thereafter formal judgment was entered in accordance with such oral pronouncement. On July 25th, 1941, the petitioner was again brought into court. At this time he was represented by counsel. The court stated: "On July 23, 1941, this court imposed sentence upon you, Mr. Moore, sentencing you to be confined at the State Work Farm for the period of one year, and after the imposition of such sentence I learned from the Warden of the State Penitentiary that the State Work Farm is not in readiness for the reception of prisoners and will not be before next spring, and while the State Board may transfer you from the State Work Farm to the State Penitentiary, I think it better to amend the judgment here and have it corrected. Have you any objection to such procedure?" Counsel for the petitioner made objection that the court had no further jurisdiction in the case. The court overruled the objection and rendered the following judgment: "On the 23d day of July, 1941, T. F. Murtha, the State's Attorney in and for the County of Stark and the State of North Dakota, and the defendant came in court and this being the day fixed by the court for the pronouncing of judgment upon the conviction of the defendant of having committed the crime of grand larceny as charged in the information against the said defendant heretofore filed in this court; and the said defendant being informed by the court of the nature of the said information and charge against him, and of his plea thereto, and being asked whether he had any legal cause to show why judgment should not be pronounced against him and no cause being shown, the court did adjudge, and the sentence of the court was that you, the defendant, Joe Moore, be imprisoned in the North Dakota State Farm for the term of one year, commencing at twelve o'clock noon of that day, and it now appearing on this 25th day of July, 1941, to the court that said North

Dakota State Farm is not in readiness for the defendant and that the judgment herein should be modified and the defendant committed to the State Penitentiary instead, Now, the defendant being present in court with his counsel, it is Ordered that such judgment be so modified, there being no legal cause shown against such amendment, and the court adjudges and its amended sentence is·that you Joe Moore be imprisoned in the State Penitentiary for the term of one year from noon of July 23, 1941, and that you stand committed until the sentence is complied with and until this judgment is satisfied."

Chapter 229, Laws 1941, provides for the establishment of a correctional institution to be known as the North Dakota State Farm. This law provides that the board having control and supervision of the penal institutions of this state shall have full control and charge of said State Farm; that it shall appoint and employ a superintendent and other necessary help and that it may assign to said Farm, in any capacity, persons employed in connection with the operation of any other institutions under the control and supervision of said board. Id. § 4. It further provides that the laws relating to the government and management of the penitentiary "so far as the same may be applicable and not by this act otherwise provided and not inconsistent with the purposes of this act, shall in all respects apply to the government and management of the State Farm." Id. § 5.

The Act further provides: "Section 8. When such state farm shall be equipped with facilities sufficient, in the opinion of the board having charge thereof, to receive prisoners, such board shall notify the Governor, and upon such notification, the Governor shall, by proclamation, declare the state farm ready to receive prisoners; and thereafter all judges of district courts, and county courts of increased jurisdiction, may commit persons who otherwise would be committed to the county jail or to the State Penitentiary for violation of any criminal law of this state, and where the sentence is not less than thirty (30) days nor more than one year.

"Section 9. The board shall have full power and authority, in the case of any prisoner committed to said State Farm for the commission of a felony, to transfer such prisoner to the State Penitentiary, and vice versa, if in the judgment of the board, such transfer is advisable. The laws relating to compensation, the merit system, good time and

extra good time, and the imposition of penalties for misconduct provided by law for persons imprisoned in the State Penitentiary, shall be applicable to persons committed to the State Work Farm, except in so far as they may be inconsistent with the provisions of this Act."

The State Farm has not been put into operation as prescribed by § 8 of the Act, or at all. No superintendent has been named and no facilities are available for its operation as a State Work Farm.

The laws of this state provide:

"Grand larceny is punishable by imprisonment in the county jail not less than three months or in the penitentiary not exceeding ten years." Laws 1925, chap. 157; § 9917, Supplement to the 1913 Compiled Laws.

"A felony is a crime which is or may be punishable with death or imprisonment in the penitentiary; every other crime is a misdemeanor. When a crime punishable by imprisonment in the penitentiary is also punishable by fine or imprisonment in a county jail, in the discretion of the court or jury, it is, except when otherwise specially declared by law to be a felony, a misdemeanor for all purposes *after* a judgment imposing a punishment other than imprisonment in the penitentiary." Comp. Laws 1913, §§ 9197, 10,387.

It is contended on behalf of the petitioner:

1. That "when the court pronounced sentence on the petitioner on July 23d, 1941, the case was to all intents and purposes completed, and the court lost all further jurisdiction in the case and over the defendant, and could not impose any other or further sentence, or modify or amend any sentence previously given;"

2. That the sentence to imprisonment at the North Dakota State Farm, an institution that "had not come into existence;" ("there being no such place" as the North Dakota State Farm to which prisoners might be sentenced or committed, under the laws of the state on July 23d, 1941), was and is a nullity, and the petitioner, having been so sentenced, is entitled to be discharged "at least from that particular sentence;"

3. That under the provisions of §§ 9197 and 10,387, Comp. Laws 1913, the sentence imposed on the petitioner on July 23d, 1941 (being a sentence imposing a punishment other than imprisonment in the penitentiary) operated to make the crime for which the petitioner was sen-

tenced a misdemeanor, and that the amendment or change of such sentence on July 25th, 1941, substituting the state penitentiary for the North Dakota State Farm, operated to increase the sentence, and that the court was without power to make such amendment or change in the former sentence.

"Upon habeas corpus the court examines only the power and authority of the court to act." Harlan v. McGourin, 218 US 442, 448, 54 L ed 1101, 1105, 31 S Ct 44, 21 Ann Cas 849. The writ of habeas corpus cannot be used as a substitute for appeal or writ of error to obtain a review of the correctness of the acts of a court that was acting within its jurisdiction. On habeas corpus the inquiry is limited to questions of jurisdiction. Ryan v. Nygaard, 70 ND 687, 297 NW 694; Reichert v. Turner, 62 ND 152, 242 NW 308; Knewel v. Egan, 268 US 442, 69 L ed 1036, 45 S Ct 522; State ex rel. Smith v. Lee, 53 ND 86, 205 NW 314; Re Cook, 54 ND 193, 209 NW 231.

Did the district court have power and authority to render the judgment by virtue of which the petitioner is imprisoned in the state penitentiary? That is the question for determination here.

As a general rule a trial court has no authority to set aside a valid sentence and judgment of conviction and impose a new or different sentence increasing the punishment after the original sentence has been put into execution. But, the court's power to pronounce sentence is not exhausted, where it has rendered a judgment which it was without authority to render, and which is void or so defective in matter of substance as to be unenforceable. In such case the court has power to substitute a legal and valid judgment for the former illegal and defective one. 15 Am Jur 132, Criminal Law; 24 CJS p. 120. Where there is a valid conviction (24 CJS pp. 16, 17) "the power of the trial court is exhausted only by the pronouncing of a valid judgment." Ex parte Dunn, 50 SD 48, 53, 208 NW 224, 226. It would seem to follow as a necessary corollary that where a sentence is merely excessive, the sentence is not wholly void but is valid to the extent that the court had power to impose it and void merely as to the excess, provided such excess is separable from the valid portion. And while there are authorities to the contrary, this is the rule supported by the great weight of authority (24 CJS p. 112; 15 Am Jur 118, Criminal Law, § 460; Note: 45 LRA pp. 136 et seq.; Note: 51 LRA(NS) pp. 373 et seq.),

and is the rule that has been adopted and consistently followed in this jurisdiction. Territory v. Conrad, 1 Dak 363, 46 NW 605; State v. Cruikshank, 13 ND 337, 100 NW 697; State v. Wisnewski, 13 ND 649, 102 NW 883, 3 Ann Cas 907; State v. Barry, 14 ND 316, 103 NW 637; State v. Stevens, 19 ND 249, 123 NW 888; State v. Gunderson, 42 ND 498, 173 NW 791; State v. Merry, 62 ND 339, 243 NW 788.

In each of these cases a valid verdict had been returned, but the sentence pronounced and the judgment rendered was in excess of that authorized by law. In Territory v. Conrad; State v. Cruikshank; State v. Gunderson; and State v. Merry, supra, the case was remanded to the trial court with directions to render judgment imposing punishment within the limits prescribed by law. In State v. Wisnewski; State v. Barry; and State v. Stevens, supra, the case was not remanded but the judgment was modified by the supreme court so as to eliminate the punishment in excess of that authorized by law. In the instant case all proceedings had prior to the pronouncement of sentence and the rendition of judgment were regular. There was a valid conviction. State v. Wisnewski, 13 ND 649, 654. The defendant had entered a plea of guilty to the criminal information; his guilt had been established in accordance with the law (24 CJS pp. 16, 17), and it had become the duty of the trial court to pronounce sentence and judgment. Under the statute (Laws 1925, chap. 157; 1925 Supplement, § 9917), the trial court was vested with discretion as to the place of imprisonment. (United States v. Benz, 282 US 304, 310, 75 L ed 354, 358, 51 S Ct 113; State v. Wisnewski, 13 ND 649, 654, 102 NW 883, 3 Ann Cas 907.) The court might adjudge imprisonment either in the county jail or in the penitentiary. The trial court pronounced judgment upon the theory that under the law it might sentence the defendant to imprisonment at the North Dakota State Farm instead of either in the county jail or in the penitentiary. In this he was mistaken. The statute which provides for the establishment of such Farm, in effect, provides, also, that the institution shall come into being as a place to which persons may be sentenced only upon the happening of a contingency—namely, the proclamation by the Governor declaring the Farm ready to receive prisoners. Laws 1941, chap. 229, § 8. The sentence pronounced and judgment rendered by the trial court

on July 23d, 1941, was wholly inoperative. It could not be carried into effect. The trial court had failed to exercise the discretion and judgment which the law requires that he exercise in pronouncing sentence and rendering judgment upon one who has been convicted of the crime of grand larceny. Under the law in force on July 23d, 1941, one convicted of the crime of grand larceny could be sentenced to imprisonment either in the county jail or in the state penitentiary,— but he could not be sentenced to imprisonment in any other place.

It is obvious that if there had been an appeal from the judgment rendered on July 23d, that, under the rule established in this jurisdiction, the conviction would not have been set aside and the defendant discharged; but the judgment, insofar as it provided for imprisonment at the North Dakota State Farm, would have been held to be without authority in law, and the case would have been remanded to the district court with directions to pronounce sentence and judgment conformable to the law. It would not have been a case wherein this court could have modified the judgment as was done in State v. Wisnewski, supra. The discretion which the law has vested in the trial court had not been exercised, and, of course, such discretion could not have been exercised by this court. 13 ND 654, 102 NW 883, 3 Ann Cas 907. This court could not have assumed either that the trial court would have prescribed imprisonment in the county jail or that it would have prescribed imprisonment in the penitentiary. In the sentence which the court had pronounced, it had declined to prescribe punishment in either of these places and had attempted to commit the defendant to an institution which differs in some degree from both the county jail and the penitentiary.

The district court has exclusive original jurisdiction to pronounce sentence and judgment upon a person who has been convicted of grand larceny. N. D. Const. § 103. In such cases the supreme court is vested with appellate and superintending control powers only. N. D. Const. § 86. Obviously, a district court does not become vested with greater or additional powers because an appeal is taken from a judgment which it has rendered than it has in the first instance. The supreme court cannot confer power upon the district court to make a determination upon remand of the case which the district court did not have authority to make in the first instance. If, on an appeal,

the supreme court remands the case to the district court with directions that further action be taken by that court, this merely operates to require the district court to exercise powers conferred, and to perform duties imposed, upon it by the Constitution and laws of the state.

In the cases cited above, wherein this court modified the judgment so as to make it conform to the law, there remained no discretionary decision to be made. The judgment and discretion of the district court had been exercised, and this court merely modified the judgment so as to make it conform to the law and carry into effect the judgment and sentence which the trial court had the power to render and which conformed to the judgment and discretion which it had exercised.

Appellant argues that under the provisions of §§ 9197 and 10,387, Comp. Laws 1913, the sentence and judgment pronounced on July 23d, 1941, made the crime a misdemeanor, and that the amended sentence and judgment rendered on July 25th made the crime a felony; that the amended sentence and judgment, in effect, increased the punishment, and that the court was without power or authority to do this.

It will be noted that said §§ 9197 and 10,387, supra, provide that: "When a crime punishable by imprisonment in the penitentiary is also punishable by fine or imprisonment in a county jail, in the discretion of the court or jury, it is, except when otherwise specially declared by law to be a felony, a misdemeanor for all purposes *after* a judgment imposing a punishment other than imprisonment in the penitentiary."

When the statute speaks of "after a judgment," it means a valid judgment,—a judgment which the court is authorized to pronounce. Here there was no such judgment. The judgment pronounced on July 23d was so defective in a matter of substance that it could not be executed. The district court had not exercised the discretion, in prescribing the place of imprisonment, which the law requires the court to exercise. The court had designated a place of imprisonment other than one of those which the law said the court should designate. No vaild judgment having been pronounced, and the district court not having performed the duty imposed upon it by the law, the court had power to perform such duty and to substitute a legal and enforceable judgment for the invalid and unenforceable judgment formerly pronounced. 24 CJS p. 112; 15 Am Jur 118, Criminal Law, § 460.

The district court did not act without, or in excess of, jurisdiction in rendering the judgment on July 25th, 1941, pursuant to which the petitioner has been, and is, imprisoned.

Writ denied.

BURR, Ch. J., and BURKE, MORRIS, and NUESSLE, JJ., concur.