STATE of North Dakota, Petitioner,

v.

Arthur RUEB, Respondent.

Cr. No. 579.

Supreme Court of North Dakota.

Dec. 23, 1976.

John M. Olson, State's Atty., Bismarck, for petitioner.

William R. Mills, Bismarck, for respondent.

SAND, Justice.

Arthur Rueb, the defendant, in May of 1975, was charged with the offense of indecent liberties with minor children in violation of § 12–30–11, North Dakota Century Code. He was ordered to be evaluated by the North Dakota State Hospital in Jamestown. Thereafter, on March 22, 1976, he entered a plea of guilty and a presentence investigation was ordered by the Honorable Alfred A. Thompson, district judge. Subsequently, on August 2, 1976, Judge Thompson sentenced the defendant to the North Dakota State Penitentiary for a term of three years.

On November 29, 1976, defendant's counsel, pursuant to Rule 35 of the North Dakota Rules of Criminal Procedure, made and filed with the sentencing district court a written motion requesting a reduction of the three-year sentence imposed on August 2, 1976. On the same day the sentencing judge modified the sentence as follows:

"1. That you be imprisoned in the North Dakota State Penitentiary for the term of five (5) years commencing at twelve o'clock noon on the 2nd day of August, 1976.

"2. That the balance of the said sentence is hereby deferred on the following terms and conditions and the Defendant placed upon probation to August 2, 1981." (This was followed by the terms of the probation.)

The State's Attorney was not served with, nor, according to him, did he have actual notice of the motion. On December 9, 1976, the State's Attorney filed a notice of appeal, and on December 10, 1976, he filed an amended appeal to correct a technicality. On December 9 the State's Attorney (hereinafter State), under the provisions of Rule 8(a) and (c) of the North Dakota Rules of Appellate Procedure, applied to the Supreme Court for a stay order of the district court's modification order of November 29, 1976, pending appeal. This court granted a temporary stay order pending disposition of the case on its merits and scheduled a hearing for December 17, 1976, on the merits.

The attorney for the defendant moved this court to rescind the stay order, which motion was also scheduled to be heard on December 17, 1976.

Several issues were raised by the parties but we do not find it necessary to set them all out separately. However, those requiring resolution will be identified and treated in the discussion.

Of primary importance is the contention of the State that § 29–28–07(4) gave it the right to appeal the modification order. This was strongly disputed by the defendant. Section 29–28–07(4) provides that

"An appeal may be taken by the state from:

.    .    .    .    .    .

"4. An order made after judgment affecting any substantial right of the state."

We are not aware that subsection 4 has ever been construed by the North Dako-

ta Supreme Court. A judgment consists of the plea, the verdict, and the adjudication and sentence. Rule 32, North Dakota Rules of Criminal Procedure. By giving the ordinary meaning to the language of subsection 4 it becomes apparent that it applies to the order issued by the sentencing district court which reduced the earlier sentence imposed. The modification order of the court is an order made after judgment and the total effect of the order involves a substantial right of the State. The California Appellate Court, in *People v. Warner*, 60 Cal. App.3d 923, 131 Cal.Rptr. 907 (1976), held that an appeal may be taken by the People from an order placing the defendant on probation after having first imposed sentence and suspended the execution thereof. It reached this conclusion on the basis that such proceeding is within the meaning of the Code authorizing appeal by the People from an order made after judgment affecting substantial rights of the People. The defendant was sentenced to prison for committing a lewd and lascivious act upon a child under the age of fourteen years but by an order of the court the execution of the sentence was suspended for a five-year probation period. The court held the order was appealable. The California Appellate Court also reached the same conclusion in *People v. Beasley*, 5 Cal.App.3d 617, 85 Cal. Rptr. 501 (1970) and in *People v. Orrante*, 201 Cal.App.2d 553, 20 Cal.Rptr. 480 (1962). The district court of California in 1953, in *People v. Superior Court,* 118 Cal.App.2d 700, 258 P.2d 1087, even went further and said that an order granting probation after judgment is appealable by the People. *Ex parte Sargen*, 135 Cal.App. 402, 27 P.2d 407 (1933), is another case touching upon this subject but it has value only because the court observed that the People had the authority to appeal under the language "from any order made after judgment affecting the substantial rights of the people" but did not avail themselves of this provision. We conclude that the district court's modification order of November 29, 1976, as distinguished from the original sentencing judgment, is an order that comes within the

provisions of subsection 4 of § 29–28–07, NDCC.

▮ The State contended that § 12.1–32–02(3), NDCC, modified the provisions of Rule 35, NDRCrimP, to the extent that the jurisdiction of the sentencing court was doubtful if not withdrawn. Its pertinent provisions are as follows:

"3. A court may, at any time prior to the time custody of a convicted offender is transferred to a penal institution or institution for treatment, suspend all or a portion of any sentence imposed pursuant to this section."

The argument was that once the offender has been placed in custody of the warden at the State Penitentiary the sentencing court lost its jurisdiction. This would be in harmony with the rationale of *John, infra.*

The authority of the Supreme Court to adopt procedural rules has been recognized and is not in dispute. Similarly the authority of the Legislature to enact laws on the same subject was an inherent power under the constitutional provisions prior to the adoption of the "New Judicial Article."

This requires us to make a careful examination and analysis between the date of the legislative enactment and the date of the adoption of Rule 35, NDRCrimP.

Section 12.1–32–02(3), NDCC, was enacted by the Legislature in the 1973 Session through chapter 116, to be effective on July 1, 1975. The Criminal Rules, including Rule 35, were adopted by the Supreme Court on August 17, to be effective on November 1, 1973. This court, in *John v. State*, 160 N.W.2d 37 (N.D.1968), said that under the then existing statutes that when the defendant has been tried and a judgment of conviction has been entered and sentence pronounced the court loses its jurisdiction. Subsequently this court, in *State v. Gronlie* and *State v. Heck*, 213 N.W.2d 874 (N.D. 1973), reaffirmed the rationale of *John* that once the trial court has sentenced the person charged with the commission of a felony and convicted of a felony to the State Farm, the trial court loses jurisdiction. The court, however, further observed that the

defendant Gronlie was sentenced and convicted on January 29, 1973, and Rule 35, NDRCrimP, adopted on 17 August 1973, did not become effective until November 1, 1973, and that until the Rule became effective the ruling in *John* applied.

Consequently, under the constitutional Judicial Article prior to the 1976 amendment, as a matter of practical application the action either of the Supreme Court or of the Legislature, whichever acted later in time, superseded the previous action of the other. This is a practical result. However, under the new Judicial Article this rationale may no longer be appropriate.

As to the instant case, Rule 35, NDRCrimP, was adopted after the enactment of § 12.1–32–02(3), NDCC, and as a result the provisions of Rule 35 must prevail by either superseding the legislative enactment or requiring the statutory provisions to be construed in harmony with the Rule. Rule 35 must be given full force and effect. We reach this conclusion because it is the time of enactment of the statute and the time of the promulgation of the Rule which control, and not the effective date of either.

We therefore conclude that Rule 35, NDRCrimP, is in full force and effect and that § 12.1–32–02(3), NDCC, does not prevent its full operation.

The State argued that the reduction as permitted under Rule 35, NDRCrimP, does not embrace or include probation, as was done by the sentencing judge under the modification order.

▮ The question whether or not a probation comes within the term "reduction of sentence," was before the Second Circuit Court of Appeals in *United States v. Ellenbogen*, 390 F.2d 537, in 1968, which held that the trial court did not have jurisdiction to enter an order suspending execution of sentence and placing the defendant on probation. This conclusion was based upon the grounds that the federal courts had no inherent power to suspend the execution of a sentence and to place a defendant on probation but acquired this authority only as a

result of the enactment of a congressional Act in 1925. The court further reasoned that the authority to place a defendant on probation ceased upon the entry of judgment when the defendant actually enters upon the service of his prison sentence. The court further observed that Rule 35 was intended to give the convicted defendant a second round before the sentencing judge and at the same time afforded the judge an opportunity to reconsider the sentence in light of any further information. The court further observed that the Congress has never specifically provided a similar second chance for probation under the provisions of the Probation Act. Ordinarily where the rule is an adaptation of a federal rule we give great weight to the construction placed on it by the federal courts. However, we do not have a similar parallel situation with reference to the court's authority in North Dakota, and therefore the federal cases are not persuasive. The authority of deferring the imposition of sentence and the placing of a defendant on probation, or the suspension of a sentence or a part thereof and placing the defendant upon probation, has been a legally recognized sentencing procedure in this State. Consequently we may not adopt the same rationale employed by the federal courts on this question. We believe that the term "reduction," in Rule 35, NDRCrimP, is sufficiently broad and elastic so as to include within its meaning the suspension of the unserved sentence and the placing of a defendant on probation.

■ The State contended that it was entitled to notice of the motion to reduce the sentence, and the defendant claimed that no notice was or is required.

Whether or not a motion for reduction of sentence requires service of the motion on the State's Attorney is not clear from reading Rule 35, NDRCrimP, alone. It provides as follows:

".  .  . The sentencing court may reduce a sentence within one hundred twenty days after the sentence is imposed, or within one hundred twenty days after receipt by that court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within one hundred twenty days after entry of any order or judgment of the supreme court of the United States denying review of, or having the effect of upholding, a judgment of conviction. The court may also reduce a sentence upon revocation or probation as provided by law."

The explanatory note to Rule 35 states that the motion is essentially a plea for leniency and that the motion should be made on written paper except if it is made pro se by the prisoner, at which time the court will entertain the request even though it is not in a formal letter from the prisoner to the sentencing judge. The Rule also contemplates that the court sua sponte could reduce the sentence.

In this instance the application for a reduction of the sentence was made on motion (which is proper) by the attorney for the defendant, and in this respect we must take into consideration the provisions of Rules 47 and 49, NDRCrimP. Rule 47 in substance provides that an application to the court for an order shall be made by motion which, unless made during a hearing or trial, shall be made in writing. Rule 49 provides the manner by which service shall be accomplished and provides that the written motion other than those which are heard ex parte shall be served upon each of the parties.

The adversary system is a part of our judicial system and generally all proceedings employ or resort to this system, except for ex parte proceedings. Our Constitution provides for public trials and the public's right to know has become engrafted on our system of government by appropriate laws. The star chamber proceedings have never been favored under our judicial system. The State's Attorney represents the public. He was entitled to a notice.

We are also cognizant that § 12–55–30, NDCC, requires the judge before whom a person was convicted of a felony and the State's Attorney of the County in which the crime was committed to file separate official statements with the clerk of court

showing facts and circumstances constituting and surrounding the crime, age, career of the prisoner prior to the commission of the crime, personal habits, disposition, reputation, and any facts which indicate whether or not the prisoner is capable of becoming a law-abiding citizen. The statements must also contain the reasons of the State's Attorney for recommending the sentence and the reasons of the court for imposing the particular sentence.

Where the Legislature has imposed the specific requirements in the initial sentencing, we do not believe that the law contemplates a reduction of the sentence to a parole without giving reasons for the action, and specifically without giving the State's Attorney an opportunity to present whatever information he deems it appropriate under the circumstances.

In addition to the specific requirements of the Rules, we are convinced that it is for the protection and to the benefit of the sentencing judge to receive information and argument from the State's Attorney whether or not a sentence should be reduced. This is a safety measure that the judge should insist upon even if the Rules did not require this. We construe the provisions of Rules 35, 47, and 49, NDRCrimP, to mean that whenever a motion is made by an attorney for a defendant to reduce a sentence, such motion must be served upon the State's Attorney, and where the application is made by the defendant pro se the court should give notice of such application to the State's Attorney. By giving such notice, the court will have the benefit of the two sides and will also eliminate any unwarranted criticism of the judicial process. It has been stated that it is not sufficient that justice be done but that justice must also appear to be done. This would give recognition to this philosophic concept. Where the court decides to reduce the sentence sua sponte prior notice is also required as stated above and for the same reasons.

■ The defendant argued that the North Dakota courts, prior to Rule 35, and during the time when terms of court were significant, were permitted to change the sentence if done prior to the conclusion of the term of court. We are unable to agree with this statement. The Annotation in 168 A.L.R. 706 states that the great weight of authority supports the rule that when a valid sentence has been put into execution the trial court may not modify, amend, or revise it in any way either during or after the term or session of the court in which the sentence was pronounced. North Dakota is listed as among the States following this rule, but the case cited, *Ex parte Moore,* 71 N.D. 274, 300 N.W. 37 (1941), involves more than a change of sentence. The Annotation contains a few jurisdictions which permit the changing of the sentence during the term, but the number of jurisdictions following this rule is very limited. The federal cases are not of any particular assistance because of the long standing of Federal Rule 35. Jurisdictions in our general geographical area follow the general rule that a sentence may be modified or amended by the trial judge during the same term of court during which it is rendered if it is done before the defendant has commenced service of the sentence. Our court, in discussing the jurisdiction in both *John* and *Gronlie* and *Heck* had no occasion to refer to any North Dakota previous rulings which permitted the judge to change the sentence within the term or any time after sentence was being executed. We see no legal basis to accept the argument presented by the defendant that the North Dakota courts had the inherent power to change the sentence during the term of court. The change or modification of a sentence is permitted in North Dakota now, but only pursuant to Rule 35, NDRCrimP.

■ The State argued that the sentencing court abused its discretion in issuing the modification order dated 29 November 1976 which suspended the remaining sentence and placed the defendant on probation. Rule 35 seems to give the sentencing court discretionary power. However, in our view no power is absolute. Case law is replete that the abuse of discretion is grounds for reversal. We believe the discretion vested in the sentencing judge under Rule 35 is not

plenary or absolute, but is subject to sound judgment and may not be abused.

We are aware of the statements of reasons for sentence of imprisonment given by the sentencing judge on August 5, 1976, and they appear to be strong, valid reasons supporting the imprisonment sentence. The pertinent reasons given by the court are as follows: [1]

"( ✓ ) 1. The defendant's criminal conduct caused or threatened serious harm to another person or his property.

.    .    .    .    .    .

"( ✓ ) 3. The defendant did not act under strong provocation.

"( ✓ ) 4. There were no substantial grounds which tended to excuse or justify the defendant's conduct.

.    .    .    .    .    .

"( ✓ ) 7. The defendant has a history of prior delinquency or criminal activity, or has not led a law-abiding life for a substantial period of time before the commission of the present offense.

"( ✓ ) 8. The defendant's conduct was the result of circumstances likely to recur.

"( ✓ ) 9. The character, history, and attitudes of the defendant indicate that he is likely to commit another crime.

"( ✓ ) 10. The defendant is particularly unlikely to respond affirmatively to probationary treatment.

"( ✓ ) 11. The imprisonment of the defendant would not entail undue hardship to himself or his dependents.

"( ✓ ) 12. The defendant is neither elderly nor in poor health.

.    .    .    .    .    .

"( ✓ ) 15. Confinement is necessary in order to protect the public from further criminal activity by the defendant.

"( ✓ ) 16. The defendant is in need of correctional treatment which can most effectively be provided if he is placed in total confinement.

"( ✓ ) 17. It would unduly depreciate the seriousness of the offense to impose a sentence other than total confinement."

These reasons were given on the 5th of August, and the sentence was imposed on the 2nd of August. The reasons were given after the imposition of sentence, which suggests that the court had in mind something more than just shock treatment, as contended by the defendant's attorney.

■ Unfortunately we have no record before us or any given reasons or statements by the court supporting its issuance of the modification order suspending the remaining sentence and placing the defendant on probation. We deem it advisable, if not mandatory, that the sentencing judge, whenever reducing the sentence as permitted by Rule 35, in addition to other requirements stated hereinbefore, also give his reasons for the reduction. We think it is in complete harmony with the basic concept, taking into consideration that the Legislature has deemed it necessary for the trial judge to give reasons for the sentence, that the trial court or sentencing judge also give reasons for a reduction of the sentence. Such a procedure would comport with our basic concept of public trials and the public's right to know.

■ Because Rule 35, NDRCrimP, has not been previously construed by our court or by other jurisdictions in our general area, and the conclusions we reached herein are not obvious from the mere reading of Rule 35, we deem it inappropriate to apply our conclusions to the instant case, but will require in all cases hereafter that these procedures, as outlined above, be followed. For the same reasons we do not fault the sentencing judge for not following the required procedure.

We have also taken into account that 120 days have expired, which does not permit a remand for compliance because of the absence of any jurisdiction by the sentencing court, and as a result we are left with only two choices: one, to reverse the modification order which would reinstate the initial sentence imposed by the court; the other is to rescind the stay order and permit the implementation of the modification order dated November 29, 1976. We have not

---

1. The court apparently had a form prepared containing numbered statements. Those checked by the court are stated here.

had the benefit of any record explaining or giving reasons for the court's reduction, and as a result we are in a weak position to determine whether or not the sentencing court has abused its discretion.

Because of the unusual circumstances, we rescind the stay order and remand the case to the trial court where the modification order dated 29 November 1976 may be implemented. No costs are to be assessed.

ERICKSTAD, C. J., and PAULSON and PEDERSON, JJ., concur.

VOGEL, Justice, dissenting.

I dissent from those holdings summarized in syllabus paragraphs 1, 4, 6, and 7.

So far as I can determine from the briefs of the parties and my own research, no State's attorney has ever appealed from a sentence in this State. The attempt has now been made. Not only that, it has succeeded.

While the opinion purports to apply only to sentences reduced under Rule 35, its rationale is broad enough to cover all sentences. No other conclusion can be drawn from the language of the majority:

". . . the discretion vested in the sentencing judge under Rule 35 is not plenary or absolute, but is subject to sound judgment and may not be abused."

And:

". . . abuse of discretion is ground for reversal."

If discretion under Rule 35 is not absolute, then neither is discretion in imposing the original sentence. Abuse of discretion in either case must therefore be ground for reversal.

Even if the majority opinion applies only to sentences reduced under Rule 35, I emphatically dissent. Until this case was decided, we have held that the State has only such right of appeal in a criminal action as is expressly conferred by law. *State v. Bauer,* 153 N.W.2d 895 (N.D.1967), syllabus ¶ 3; *State v. McEnroe,* 69 N.D. 445, 287 N.W. 817 (1939). The only statute granting to the State a right to appeal is Section 29–28–07, N.D.C.C. The majority says that

appeal in this case is authorized by subsection 4, which gives the State a right to appeal from "An order made after judgment affecting any substantial right of the state." This provision has been part of our statutes since 1895 (Sec. 8329, R.C. 1895). It has never before been used to justify an appeal by the State from a sentence.

I suggest, first of all, that it cannot apply because the State has no substantial right to any particular sentence. It has a right only to have that sentence come within the range between the minimum and the maximum sentences authorized by law. That is the rule as to appeals by defendants. *State v. Jochim,* 55 N.D. 313, 213 N.W. 484 (1927). I cannot believe that the State has a greater right in this respect than the defendant has.

Neither of the parties has cited, nor am I able to find, any reported decision, among the hundreds citing Rule 35, F.R.Crim.P. holding that the Government has a right to appeal from a reduction of sentence under that rule. Defendants have a right to appeal, but even then, rarely if ever do they succeed in obtaining a reduction of sentence. See 2 Wright Fed.Pract. and Proc.: Criminal § 588.

The California cases cited in the majority opinion do not aid the majority's argument. California has no equivalent to Rule 35, N.D.R.Crim.P., or rule 35, F.R.Crim.P. See 19 Cal.Jur.3d § 1301. A modification of sentence, unless specifically authorized by statute, is against the law in California. So it follows, as a matter of course, that the State has the right to appeal from an illegal sentence [see *People v. Maggio,* 96 Cal.App. 409, 274 P. 611 (1929), and 19 Cal.Jur.3d § 1334], just as the State in North Dakota could do so. An illegal sentence would be one that affected a substantial right of the State, which, as I have said, has a right to appeal if the sentence is illegal. The sentence imposed on Mr. Rueb by the district judge was not illegal. It was within the range of the minimum and the maximum, and the judge's authority to sentence within that range is plenary in North Dakota.

*State v. Wisnewski,* 13 N.D. 649, 102 N.W. 883 (1905).

Section 12–55–30, N.D.C.C., which the majority says supports its conclusions, has no bearing on the questions before us. By its plain language that section shows that the statement which the judge is required to file is for the benefit of the Board of Pardons or the Parole Board. The section is found in the chapter of N.D.C.C. on Reprieve, Commutation, Pardon, and Parole. It ends by stating that the judge and State's attorney "may make any recommendations or suggestions pertaining to the prisoner which may be of assistance to the board of pardons or the parole board in consideration of the prisoner's case." Obviously it has no reference to Rule 35, which says nothing about such reports. If one report is filed, it should be enough. Furthermore, and more important, we have held that even total failure to comply with Section 12–55–3 does not affect the sentence. *Ex parte Riley,* 52 N.D. 471, 203 N.W. 676 (1925). I see nothing in the section to aid the majority argument.

I think it is the law of North Dakota (or it was until the majority opinion came out) that sentencing is solely within the discretion of the judge; that his discretion is unreviewable by the Supreme Court unless he goes beyond the maximum or under the minimum sentences authorized by statute; that under Rule 35, his discretion extends 120 days beyond the date of the original sentence, during which time he may modify that sentence; and that no notice or hearing is required on any motion to reduce a sentence or an order reducing a sentence entered on the court's own motion.

The rules stated in the majority opinion are, in my opinion, completely unsupported by law or precedent; they give to the State's attorney a right which only the Legislature can give and not even the defendant has; and they invade the province of the Legislature.

If it is wise to have appellate review of sentences, that is a matter for the Legislature to decide. Proposals to that effect were before the Legislature at the 1975 Session and will be before it in the 1977 Session. The 1977 Session may be surprised to learn that the matter is already settled by judicial fiat.

Of course, I agree to the immediate release of the defendant. It is my opinion that he has been illegally confined ever since the district court modified his sentence, and it is my opinion that the stay granted by this court was improvidently granted. Since there was no right of appeal, there could be no authority to grant a stay pending appeal.