**STATE of North Dakota, Plaintiff and Appellant,**

v.

**Jerry LAWSON, Defendant and Appellee.**

Cr. No. 1007.

Supreme Court of North Dakota.

Oct. 25, 1984.

Tom P. Slorby, States Atty., Minot, for plaintiff and appellant.

Farhart, Rasmuson, Lian & Maxson, Minot, for defendant and appellee; argued by R. James Maxson, Minot.

PEDERSON, Justice.

Lawson, a licensed livestock salesman, was apparently convicted of "mistreating an animal" in violation of § 36–21.1–02, NDCC, a class A misdemeanor. The record transmitted to this court on this appeal contains no information concerning the conviction or original sentencing. The complaint was filed in the county court on February 4, 1982.

On *March 30, 1982*, the county judge informed defendant's attorney, Ed Bosch, the Ward County states attorney, and the sheriff's department by letter that: "Mr. Jerry Lawson may serve his jail sentence on a work release program." On *April 30, 1982*, the judge, by letter to new defense counsel, attorney James R. Maxson, with copies to the states attorney and sheriff, announced: "The Stay of Execution of 30 days' jail sentence is hereby continued until after the hearing on Motions by Defendant scheduled for May 13, 1982." On *December 13, 1983*, the judge, again by letter, informed the defense counsel and states attorney: "The sentence should have been deferred by the Court but the entry was not made. Therefore the sentence is deferred for a period of one year. That time has already come and gone. The Defendant may, through counsel present the necessary papers for ultimate dismissal." These three letters are a part of the record.

On this appeal by the State no objections are addressed to the inadequate record. Both sides provide us with information in their briefs that, for this case only, we will accept as an "agreed statement" permitted in lieu of a record pursuant to Rule 10(g), NDRAppP.[1]

The State argues that the trial court erred in granting a motion under Rule 35, NDRCrimP[2] nearly 23 months after sentencing, and that the court erred in failing to state reasons for granting relief under Rule 35. We conclude that the State's

---

1. The availability of Rule 10(g) agreed statements needs to be noted by every member of the bar who is or may be involved in appellate work.

2. Rule 35 permits "correction" of a sentence at any time and reduction of a sentence within 120 days after it is imposed.

position is well taken. Nothing indicates that the original sentence was illegal or imposed in an illegal manner. There was no clerical mistake in the original sentence or sentencing, accordingly corrective action under either Rule 35 or Rule 36, NDRCrimP [3] was not justified.

 Lawson correctly points out that "the trial court could have granted the relief sought without any difficulty under Section 12–53–04 of the North Dakota Century Code." That section, with respect to probation or parole from a county jail sentence, was not superseded by Rule 35. *State v. Hunt,* 293 N.W.2d 419, 424 (N.D. 1980). Lawson relies on *State v. Goeller,* 275 N.W.2d 341, 345 (N.D.1979) for his argument that we should not reverse and remand a case where the results are likely to be unchanged. We stand by that holding as a general rule. However, when there are strong indications that problems are not being addressed because of an overburdened court, or inattention, we will not apply that general rule in a manner which avoids addressing an ultimate solution to the problem.

Without implying any conclusion by this court that probation is not appropriate for Lawson, we reverse and remand for further proceedings consistent with the appropriate statutes and this opinion.[4]

Reversed and remanded.

ERICKSTAD, C.J., SAND, J., and GRAFF, District Judge, concur.

GIERKE, J., disqualified; GRAFF, District Judge, sitting in his stead.

VANDE WALLE, Justice, dissenting.

I respectfully dissent. It appears to me there are administrative matters involved herein which we should deal with independent of the appeal in this case. It is clear to me what the trial court intends in this. case and once we recognize that "the Trial

Court could have granted the relief sought without any difficulty under Section 12–53–04 of the North Dakota Century Code," as alleged by Lawson, I believe we should follow the rationale of *State v. Goeller,* 275 N.W.2d 341 (N.D.1979). We should not lose sight of Lawson nor attempt to use him to accomplish an "ultimate solution" to a perceived problem.

---

**3.** Correcting the record is permitted under Rule 36 at any time.

**4.** We said in *State v. Rueb,* 249 N.W.2d 506, 511 (N.D.1976) that procedures to reduce a sentence under Rules 35, 47 and 49, NDRCrimP, require

a statement of reasons and an opportunity for the states attorney to present information. The same standards apply to reductions of sentence under § 12–53–04, NDCC.