[Crim. No. 1694.   Second Appellate District, Division Two.—January 24, 1929.]

THE PEOPLE, Appellant, v. SALVADORE MAGGIO, Respondent.

U. S. Webb, Attorney-General, John L. Flynn, Deputy Attorney-General, Elmer W. Heald, District Attorney, and Edward B. Patterson, Deputy District Attorney, for Appellant.

Ernest R. Utley and R. B. Whitelaw for Respondent.

THOMPSON (IRA F.), J.—This cause was heretofore before us on an appeal from the judgment and an order denying a motion for a new trial. The judgment and order were affirmed on April 6, 1928. (See *People* v. *Maggio,* 90 Cal. App. 683 [266 Pac. 813].)　　　 After the *remittitur* had gone down and on June 1, 1928, upon motion of the defendant the trial judge modified the judgment theretofore rendered and affirmed by this court, by which the defendant was sentenced to imprisonment at San Quentin for the term provided by law, to one in which the defendant was fined in the sum of five hundred dollars. The People prosecute this appeal from the order made amending and modifying the judgment. The respondent has made a motion to dismiss the appeal on the ground that the People have no right to appeal from such an order. Section 1238 of the Penal Code provides that "An appeal may be taken by the people. . . . 5. From an order made after judgment affecting the substantial rights of the people." If this appeal is properly prosecuted it must be by virtue of this language. Respondent seriously argues that from all of the testimony which was before this court on the former hearing it appears that the punishment sought to be imposed by the order of June 1st is amply sufficient and all that the court ought to impose, and, therefore, the rights of the People are not substantially affected. He further argues that we ought to invoke the aid of section 4½ of article VI of the constitution in the determination of the question. We cannot concede the validity of respondent's argument. A familiar maxim of jurisprudence is *"Interest reipublicae ut sit finis litium."* While it is apparent that the People would not have had a right of appeal if the judgment now sought to be enforced against the defendant had been pronounced in the first instance, yet that is not the situation with which we are confronted. The People have a right to rely upon the finality of judgments and to know when a judgment has become final that there has been an end to that particular litigation. To say that the rights of plaintiff have not been substantially affected would be to deny the force and value of the quoted maxim and deal a vital blow to the sanctity of judgments. This is not an instance of where final judgment was not rendered because of invalidity of the first attempt, nor is it a case wherein the

judgment still reposed within the breast of the judge. It had been entered and affirmed and appellant is interested in maintaining its integrity.

We are therefore brought to the question whether the trial court had the authority to amend and modify its judgment, arising on the merits of the appeal. What has already been said applies in principle to this problem, but we also find statutory limitations upon the power of the court in this particular. Section 1263 of the Penal Code reads: "If a judgment against the defendant is affirmed, the original judgment must be enforced," and section 1265 of the same code says: "After the certificate of the judgment has been remitted to the court below, the appellate court has no further jurisdiction of the appeal or of the proceedings thereon, and all orders necessary to carry the judgments into effect must be made by the court to which the certificate is remitted." The respondent here is undoubtedly correct in arguing that jurisdiction of the trial court which had been suspended during the appeal reattached, but only for limited purposes, to wit: to make "orders necessary to carry the judgment into effect." *Beggs* v. *Superior Court*, 179 Cal. 130 [175 Pac. 642], is very much in point. In that case after affirmance of the judgment upon appeal the defendant made application for a suspension of the execution of the sentence, claiming that the superior court had jurisdiction to pass upon that question at any time before his surrender to the warden of the penitentiary. Our supreme court, after quoting from sections 1263 and 1265 of the Penal Code, says: "It is clear, from the reading of these provisions, that after a judgment of conviction in a criminal case has been affirmed by an appellate tribunal judicial power to alter or suspend it has ceased." This language is apt and conclusive. We are also impressed with the conviction that any other interpretation would result in endless confusion and uncertainty.

Motion to dismiss appeal denied and order reversed.

Works, P. J., and Craig, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on February 8, 1929, and the following opinion then rendered thereon:

THE COURT.—In denying the petition for a rehearing herein we deem it proper to say that *Beggs* v. *Superior Court,* 179 Cal. 130 [175 Pac. 642], is cited for the purpose of indicating the construction which should be given sections 1263 and 1265 of the Penal Code and not for the purpose of construing section 1203 of the Penal Code as now amended, respecting the power of the trial court to entertain an application for probation after judgment is pronounced. The latter question is not here involved. The judgment from which this appeal is prosecuted purports to be one in lieu of a judgment formerly pronounced and not an order designating the fine as a condition annexed to the granting of probation.

Petition for rehearing denied.

A petition by respondent to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 21, 1929.

All the Justices concurred.