164 Cal.App.4th 723 (2008)
THE PEOPLE, Plaintiff and Respondent,
v.
ANDREW NELSON PICKLESIMER, Defendant and Appellant.
No. C056385.
Court of Appeals of California, Third District.
July 2, 2008.
*725 Dane A. Cameron for Defendant and Appellant.
Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, and John G. McClean, Deputy Attorney General, for Plaintiff and Respondent.

OPINION
MORRISON, J.
Defendant Andrew Nelson Picklesimer appeals from the trial court's order that it lacked jurisdiction to hear his motion to lift his duty to register as a sex offender. The Attorney General agrees with defendant's claim that the case must be remanded to allow the trial court to exercise its discretion on the merits of defendant's motion. We conclude the trial court lacked jurisdiction to hear the motion and we shall dismiss this purported appeal.

BACKGROUND
In 1993, as part of a bargain in Trinity County Superior Court No. 92CR065, defendant pleaded guilty to three crimes against a 17-year-old *726 girl, unlawful sexual intercourse, oral copulation and digital penetration (Pen. Code, §§ 261.5, 288a, subd. (b)(1), 289, subd. (h); further section references are to the Penal Code). Although the sex offender registration statutes (§ 290 et seq.) have been substantially amended since the commission of defendant's crimes in 1992, those amendments are not material to the issues in this appeal. Thus, we will refer to the current statutes. The latter two crimes committed by defendant required him to register, but no registration was required for unlawful sexual intercourse. (§ 290, subd. (c).)
This court affirmed the judgment on direct appeal. (People v. Picklesimer (Nov. 29, 1993, C015201) [nonpub. opn.].) The remittitur issued on January 31, 1994.
For completeness, we note the following from the records in the prior appeal, but these details do not control our analysis:
(A) The plea agreement was reached after a younger girl, the named victim of many lewd acts (§ 288, subd. (a)), refused to testify; those counts were dismissed.
(B) Defendant initialed a change-of-plea form where it states: "I understand that I will be required to register as a convicted sexual offender...."
(C) Judge William Lund denied probation, imposed the upper term, and ran the three counts consecutively, finding defendant took advantage of a position of trust and that the victim of the admitted counts, who had confided in defendant, was particularly vulnerable.
(D) The registration requirement was mandated by operation of law; although it was stated on the change-of-plea form, it was not mentioned at sentencing, in the clerk's minutes, or in the abstract of judgment.
(E) The only issue raised on direct appeal was a section 654 claim as to sentencing.
(1) In People v. Hofsheier (2006) 37 Cal.4th 1185 [39 Cal.Rptr.3d 821, 129 P.3d 29] (Hofsheier), the California Supreme Court held that the registration statutes violated equal protection to the extent they required trial courts to order registration for persons who orally copulate minors, but granted trial courts discretion in cases of unlawful sexual intercourse. The remedy was to remand for the trial court "to exercise its discretion to determine whether defendant should be required to register as a sex offender under section 290, *727 subdivision (a)(2)(E)." (Id. at pp. 1192-1193; see id. at pp. 1208-1209.) For purposes of this appeal we accept that the holding in Hofsheier applies equally to digital penetration (§ 289, subd. (h)). (See Couzens & Bigelow, Cal. Benchbook: The Adjudication of Sex Crimes (2006) p. 302.)
Former section 290, subdivision (a)(2)(E), referred to by Hofsheier, has been slightly reworded and made into a separate statute. (Stats. 2007, ch. 579, § 14.) It now provides: "Any person ordered by any court to register ... for any offense not included specifically in subdivision (c) of Section 290, shall so register, if the court finds at the time of conviction or sentencing that the person committed the offense as a result of sexual compulsion or for purposes of sexual gratification. The court shall state on the record the reasons for its findings and the reasons for requiring registration." (§ 290.006.)
(2) Thus, although many listed offenses require registration, "any offense" may result in registration depending on the circumstances, "even if the defendant was not convicted of a sexual offense." (Hofsheier, supra, 37 Cal.4th at p. 1198.) (3) "[T]o implement the requirements of [current § 290.006], the trial court must engage in a two-step process: (1) it must find whether the offense was committed as a result of sexual compulsion or for purposes of sexual gratification, and state the reasons for these findings; and (2) it must state the reasons for requiring lifetime registration as a sex offender. By requiring a separate statement of reasons for requiring registration even if the trial court finds the offense was committed as a result of sexual compulsion or for purposes of sexual gratification, the statute gives the trial court discretion to weigh the reasons for and against registration in each particular case." (Hofsheier, supra, 37 Cal.4th at p. 1197; see People v. King (2007) 151 Cal.App.4th 1304, 1308 [60 Cal.Rptr.3d 673].)
The registration provision for unlisted crimes did not exist when defendant committed his crimes; a version of it was first adopted in 1994. (Stats. 1994, ch. 867, § 2.7, pp. 4389, 4390; see People v. Olea (1997) 59 Cal.App.4th 1289, 1292, fn. 1 [69 Cal.Rptr.2d 722].)
On October 15, 2006, defendant filed a motion in his original case to lift his registration requirement and remove his name from the sex offender registry. He later filed a psychological report purporting to show that he did not act out of sexual compulsion or for purpose of gratification, and that he was not likely to reoffend.
The district attorney opposed the motion, arguing: (1) the trial court lacked jurisdiction; (2) the People were entitled to the benefit of the plea bargain *728 (cf. People v. Collins (1978) 21 Cal.3d 208, 213-217 [145 Cal.Rptr. 686, 577 P.2d 1026]); and (3) defendant had been a high school teacher who preyed on two schoolgirls.
The trial court denied the motion for lack of jurisdiction, and defendant filed a notice of appeal.

DISCUSSION

I. The Trial Court Lacked Jurisdiction
Hofsheier, supra, 37 Cal.4th 1185 was a direct appeal from a conviction in which registration was ordered. Hofsheier does not address the effect of its ruling, if any, on final cases.
This case does not come on direct appeal. Defendant does not seek to withdraw his plea, nor complain that he was misadvised or suffered prejudice thereby. (See People v. McClellan (1993) 6 Cal.4th 367, 378 [24 Cal.Rptr.2d 739, 862 P.2d 739] [misadvisement requires showing of prejudice, either on appeal or in subsequent collateral attack].) He simply asks for an order lifting his duty to register and removing his name from the registry.
(4) Our remittitur did not revest the trial court with jurisdiction to entertain defendant's motion. "If a judgment against the defendant is affirmed, the original judgment must be enforced." (§ 1263, italics added.) "After the remittitur `the appellate court has no further jurisdiction of the appeal or of the proceedings thereon, and all orders necessary to carry the judgment into effect shall be made by the court to which the certificate is remitted.' (Pen. Code, § 1265, italics added.) Thus, the trial court is revested with jurisdiction of the case, but only to carry out the judgment as ordered by the appellate court." (People v. Dutra (2006) 145 Cal.App.4th 1359, 1366 [52 Cal.Rptr.3d 528]; see People v. Maggio (1929) 96 Cal.App. 409, 410-411 [274 P. 611] (Maggio).) Because we affirmed the trial court's judgment, the trial court had no jurisdiction to act further in the case, except to ensure that the judgment was enforced. (§§ 1263, 1265; see In re Martin (1933) 132 Cal.App. 64, 66 [22 P.2d 269]; Maggio, supra, at pp. 410-411.)
Therefore, defendant should not have been permitted to file his motion in this long-final criminal case.
Without pertinent analysis defendant asserts that because a trial court may entertain some postconviction motions, it has jurisdiction to entertain a *729 motion to lift registration duties. In his view, "This process is no different [than] if a defendant were to seek reduction of a wobbler conviction to a misdemeanor under Penal Code Section 17(b), or vacation of a plea and dismissal of charges under Penal Code Section 1203.4. The court retains jurisdiction for these matters regardless of the time span between conviction and the relief sought by these statutes."
That the Legislature has granted trial courts the ability to entertain some specified postconviction motions does not grant them power to entertain all postconviction motions. And both parties fail to provide any discussion of the effect of our remittitur on the trial court's power to consider this motion.
In the trial court, defendant asserted that his "judgment" is unauthorized. It was not unauthorized when it became final, and Hofsheier still allows registration for persons who commit the crimes of which defendant stands convicted. The judgment is not unauthorized within the meaning of the rule that an unauthorized sentence may be corrected at any time. (People v. Scott (1994) 9 Cal.4th 331, 354 [36 Cal.Rptr.2d 627, 885 P.2d 1040] [sentence unauthorized "where it could not lawfully be imposed under any circumstance"]; cf. People v. Bean (1989) 213 Cal.App.3d 639, 646 [261 Cal.Rptr. 784].)
(5) Defendant's real complaint is that he is now subjected to a stillauthorized consequence absent compliance with the later-adopted requirement that findings be made. But generally, "complaints about the manner in which the trial court exercises its sentencing discretion and articulates its supporting reasons cannot be raised for the first time on appeal." (Scott, supra, 9 Cal.4th at p. 356.) We are long past the direct appeal.

II. The Appeal Must Be Dismissed
(6) A criminal defendant may appeal from "any order made after judgment, affecting the substantial rights of the party." (§ 1237, subd. (b).) Because the trial court lacked jurisdiction to grant the relief requested by defendant, the order denying defendant's motion did not affect his substantial rights and was not appealable. (See People v. Chlad (1992) 6 Cal.App.4th 1719, 1725-1726 [8 Cal.Rptr.2d 610] [because trial court lacked jurisdiction to modify sentence, order denying motion to modify was not an appealable postjudgment order].) The appeal must be dismissed.

*730 DISPOSITION
The appeal is dismissed.
Scotland, P. J., and Raye, J., concurred.